UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIE LEVENS, II                                CIVIL ACTION

VERSUS                                           NO. 21-35

DEXTER GASPARD, ET AL.                           SECTION: "J"(1)

### ORDER AND REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 87)** filed by Defendant Deputy Dexter Gaspard. Plaintiff opposed the motion; (Rec. Doc. 89); and Gaspard replied; (Rec. Doc. 92). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the *Motion for Summary Judgment* **(Rec. Doc. 87)** shall be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

On February 22, 2020, Defendant Gaspard ate a meal at Honest Abe's BBQ in Houma, Louisiana, while waiting to pick up his daughter who worked there. At the time, he was off-duty and wearing plain clothes, but Gaspard works as a sheriff's deputy for the Terrebonne Parish Sheriffs Office. Gaspard regularly eats at Honest Abe's, and he had previously met Plaintiff, who was a cook at the restaurant, while Gaspard was in uniform. While Gaspard was eating his meal, a Mardi Gras party bus pulled up to the restaurant, and Mr. Verdin (the co-owner of Honest Abe's) and Plaintiff departed the bus and entered the restaurant.

At that point, Plaintiff alleges that Gaspard was "grossly intoxicated" and mistook Plaintiff for another individual. (Rec. Doc. 1, at 3). Plaintiff alleges that

1

Gaspard pushed him out of the restaurant door, causing him to fall and fracture his kneecap. *Id.* at 3-4. However, Defendant Gaspard alleges that Plaintiff was intoxicated, because he observed Plaintiff staggering and spilling beer on the floor. Rec. Doc. 87-1, at 3). Gaspard alleges that Plaintiff and Mr. Verdin began arguing, and Mr. Verdin asked Plaintiff to leave. *Id.* Mr. Verdin attempted to push Plaintiff toward the door, and Plaintiff pushed Mr. Verdin into a stack of high chairs. *Id.* at 4. At that point, Gaspard stood up and grabbed Plaintiff, and "once Plaintiff was through the front door, Gaspard let go of him." *Id.* Gaspard states that security footage shows that "Gaspard moved Plaintiff through the front door," and "Plaintiff stumbled and fell backwards" and tripped over a wheel stop in the parking lot. *Id.* at 5.

The security footage shows that Gaspard returned inside the restaurant and paradegoers surrounded Plaintiff to keep him upright and prevent him from re-entering the restaurant. Security Videos, Rec. Doc. 87-5. Plaintiff then returns to the party bus, and Gaspard walks outside the restaurant door while talking on his cell phone to dispatch to get additional help with the situation. *Id.* Plaintiff and another man then exited the bus and approached Gaspard, and Gaspard held his arm up to prevent Plaintiff from re-entering the restaurant. *Id.* Plaintiff, Gaspard, and the other man then walk to the other side of the restaurant, disappearing out of view of the cameras. *Id.*

Plaintiff alleges that Gaspard then forcibly restrained him by holding his elbow against his neck and did not advise Plaintiff that he was a police officer or why he

2

was being detained. (Rec. Doc. 1, at 3). Gaspard testified that he did hold Plaintiff's arm while Plaintiff leaned against a vehicle after Gaspard pulled Plaintiff out of traffic, until other sheriff deputies arrived. (Rec. Doc. 87, at 7-8).

Plaintiff filed the instant suit on January 11, 2021, alleging that Gaspard used excessive force and unlawfully detained him while acting in his capacity as a law enforcement officer, violating Plaintiff's civil rights. (Rec. Doc. 1, at 6). Plaintiff seeks damages under § 1983. *Id.* Plaintiff also alleged state law tort and negligence claims against Gaspard. *Id.* at 5. Defendant Gaspard has filed the present motion asking this Court to dismiss Plaintiff's claims on summary judgment based on his defense of qualified immunity and because his actions constitute a reasonable use of force. (Rec. Doc. 87-1). Plaintiff, who is now proceeding *pro se*, filed an opposition, stating in its entirety: "Dexter Gaspard misused his authority by illegally detaining me and preventing me and witness Tyler Verdin from leaving the premises, even after the Defendant Dexter Gaspard caused me bodily injuries. Doing so constitutes a civil rights violation based on the fourth amendment." (Rec. Doc. 89). In reply, Gaspard contends that Plaintiff's response did not introduce a scintilla of evidence to support his allegations nor negate Gaspard's defense of qualified immunity, thus failing to carry his burden of proof. (Rec. Doc. 92)

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little,* 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta,* 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts

4

to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

Defendant Gaspard argues that he has qualified immunity from suit in this case because he acted reasonably and because Plaintiff cannot point to any clearly established law to defeat qualified immunity. "Qualified immunity shields public officials sued in their individual capacities from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kokesh v. Curlee*, 14 F.4th 382, 391 (5th Cir. 2021) (internal citations omitted). The qualified immunity defense has two prongs: (1) whether an official's conduct violated a constitutional right of the plaintiff and (2) whether the right was clearly established at the time of the violation. *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009). A qualified immunity defense alters the usual summary judgment burden of proof; when an official pleads the defense of qualified immunity, "the burden shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (citing *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir.2005)). If the official's actions violated a clearly established law, the court then asks whether the actions were objectively reasonable in light of "law which was clearly established at

5

the time of the disputed action." *Id.* (quoting *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004)).

Gaspard argues that he is entitled to qualified immunity because he was acting under color of state law, even though he was off-duty at the time of the incident. "Whether a police officer is acting under color of law does not depend on duty status at the time of the alleged violation." *United States v. Tarpley*, 945 F.2d 806, 809 (5th Cir. 1991). Instead, the court must consider "(1) whether the officer misuse[d] or abuse[d] his official power, and (2) if there is a nexus between the victim, the improper conduct, and [the officer's] performance of official duties." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 464–65 (5th Cir. 2010) (internal quotations omitted). Thus, if an officer uses his official power to facilitate his actions, the officer acts under the color of law. *Id.* (citing *Tarpley*, 945 F.2d at 809; *United States v. Causey*, 185 F.3d 407, 415–16 (5th Cir.1999)). Although Gaspard was off-duty and out of uniform at the time of the incident, both Gaspard and Plaintiff agree that he was acting in his official capacity while interacting with Plaintiff. *See* (Rec. Docs. 1, at 6; 87-1, at 11-12). Because Plaintiff admitted in his deposition that he knew Gaspard was a sheriff's deputy and because Gaspard called for other sheriffs as backup, the Court agrees with the parties and finds that Gaspard was acting under color of state law. Because Gaspard was responding to the fight between Plaintiff and the restaurant owner, there is a nexus between Plaintiff, Gaspard's conduct, and Gaspard's duty to protect the public.

Because he was acting under color of law, Gaspard argues that he is entitled to assert the defense of qualified immunity. To overcome Gaspard's defense of

6

qualified immunity, Plaintiff need not present absolute proof, but must offer more than mere allegations. *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009). Plaintiff has not met this threshold, because he has not provided any evidence to overcome Gaspard's qualified immunity defense. In fact, Plaintiff's opposition merely provides unsupported allegations that Gaspard illegally detained him and violated his civil rights.

The first step of the qualified-immunity analysis asks whether there was a violation of a constitutional right. Plaintiff's § 1983 claim is for excessive force and unlawful detention, in violation of his Fourth Amendment rights. To establish a claim of excessive force, a plaintiff must demonstrate: "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Trammell v. Fruge*, 868 F.3d 332, 340 (5th Cir. 2017). Excessive force claims are necessarily fact-intensive; whether the force used is "excessive" or "unreasonable" depends on the facts and circumstances of each particular case. *Deville v. Marcantel*, 567 F.3d 156, 163-64 (5th Cir. 2009). That inquiry requires consideration of three non-exclusive factors, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386 (1989).

Upon review of the record evidence in the light most favorable to Plaintiff, the Court finds that Gaspard's use of force was not unreasonable. The video surveillance and deposition testimony shows that Plaintiff was stumbling and potentially

7

intoxicated during Mardi Gras. He had previously posed a threat to the safety of the public, including the owner of the restaurant, and he had attempted to evade arrest by Gaspard's colleagues by leaving the scene and walking into the street. Taken together, the evidence demonstrates that Gaspard's conduct in removing Plaintiff from the restaurant and detaining him until backup arrived was reasonable. Accordingly, Plaintiff cannot establish an essential element of his claim that a constitutional violation occurred, and he can therefore not satisfy his burden at the summary judgment stage.

Finally, Gaspard also contends that if the Court dismisses all of Plaintiff's federal claims, it should also dismiss Plaintiff's state law tort claims against him. In determining whether to relinquish jurisdiction over pendent state law claims, district courts look to the statutory factors set forth by 28 U.S.C. § 1367(c) and to the common law factors of judicial economy, convenience, fairness, and comity. *Enochs v. Lampass Cty.*, 641 F.3d 155, 158-59 (5th Cir. 2011); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (setting forth the common law factors). The statutory factors are: "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Id.* at 159 (citing 28 U.S.C. § 1367(c)). The "general rule" is to decline to exercise jurisdiction when all federal claims are dismissed or otherwise eliminated from a case

8

prior to trial; however, this rule is neither mandatory nor absolute. *Smith v. Amedisys Inc.*, 298 F.3d 434, 446-47 (5th Cir. 2002).

This case currently falls within § 1367(c)(3), as the Court has dismissed all of Plaintiff's claims that initially gave the Court original jurisdiction. Thus, the general rule would support declining to exercise supplemental jurisdiction because the federal claims have been dismissed and state claims substantially predominate. Furthermore, the common law factors of judicial economy and fairness also support declining supplemental jurisdiction, and dismissal without prejudice will allow Plaintiff to proceed in state court if he so chooses. The Court therefore concludes that it is appropriate to decline the exercise of supplemental jurisdiction over Plaintiff's state law claims.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dexter Gaspard's *Motion for Summary Judgment* **(Rec. Doc. 87)** is **GRANTED**. Plaintiff's § 1983 claims against Gaspard are hereby **DISMISSED with prejudice**, and Plaintiff's state law tort and negligence claims are hereby **DISMISSED without prejudice.**

New Orleans, Louisiana, this 10th day of March, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

9