UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIE LEVENS, II | CIVIL ACTION |
| VERSUS | NO. 21-35 |
| DEXTER GASPARD, ET AL. | SECTION: "J"(1) |

**ORDER AND REASONS**

Before the Court is a *Motion to Set New Trial* **(Rec. Doc. 100)** filed by Plaintiff Willie Levens II. Defendant Dexter Gaspard filed an opposition; (Rec. Doc. 101); as did Defendants Atlantic Specialty Insurance Company ("ASIG") and Timothy Soignet, Sheriff of Terrebonne Parish ("Sheriff Soignet") (Rec. Doc. 102). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the *to Set a New Trial* **(Rec. Doc. 100)** shall be **DENIED.**

**FACTS AND PROCEDURAL BACKGROUND**

The factual and procedural background of this case are set out more fully in the Court's March 10, 2023 Order and Reasons granting Defendant Gaspard's motion for summary judgment, finding that Gaspard's use of force was not unreasonable and declining to exercise supplemental jurisdiction over Plaintiff's state law tort claims. (Rec. Doc. 97). On March 13, 2023, the Court also dismissed all remaining claims in the case. (Rec. Doc. 98).

Plaintiff, proceeding *pro se*, filed the instant motion on March 16, 2023, requesting a new trial because "affidavit by Eye Witness Tyler Verdin will show that

1

the courts made an error in judgment." (Rec. Doc. 100, at 1). The "Affidavit"[1] attached is a statement signed by Tyler James Verdin, and it provides that Verdin ordered another patron of the restaurant to get out after the patron came in and shouted at the customers. *Id.* at 2. Plaintiff then entered the restaurant and spoke with Verdin, and then Verdin and Plaintiff walked backwards and stumbled over high chairs near the door. *Id.* Defendant Gaspard then rushed up and pushed Plaintiff through the door and to the ground, and later held Plaintiff in a choke hold while waiting for backup. *Id.* at 2-3. The next day, Verdin took Plaintiff to the hospital, and Plaintiff found out his knee was fractured. *Id.* at 3.

Defendant Gaspard argues that the motion is not a motion for new trial, but a motion for reconsideration of the Court's Order granting summary judgment, and the motion for reconsideration provides no legal analysis or evidence to warrant reconsideration. (Rec. Doc. 101, at 1-2). Gaspard also notes that the unsworn affidavit is deficient, so the Court should not take it into consideration. *Id.* at 3. Defendants ASIG and Sheriff Soignet contend that, apart from Plaintiff's disagreement with the Court's previous rulings, Plaintiff failed to provide any basis for reconsideration of the dismissal of Plaintiff's claims. (Rec. Doc. 102, at 1).

## **LEGAL STANDARD**

Because Plaintiff's motion requests reconsideration of the Court's dismissal of his claims on summary judgment, the Court construes his motion for new trial as a

---

[1] The "affidavit" does not provide any indication that it is a sworn statement, nor an attestation of a notary public. Thus, the Court will refer to Mr. Verdin's statement as a "statement" rather than an affidavit.

2

motion to reconsider its orders granting summary judgment. The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rules of Civil Procedure 59(e). *Southern Snow Manufacturing Co, Inc. v. Snowizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563–64 (E.D. La. 2013).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*; *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Courts have noted that motions to reconsider or amend a final or partial judgment are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478-79; *Snowizard*, 921 F. Supp. 2d at 565. Also, such motions should not be used to "re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *See Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of four factors: (1) the motion is necessary to correct a manifest error of law, (2) the movant presents newly discovered or previously unavailable evidence, (3) the motion is necessary in order to prevent manifest

3

injustice, or (4) the motion is justified by an intervening change in controlling law. *Snowizard*, 921 F. Supp. 2d at 565; *Schiller*, 342 F.3d at 567; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

## DISCUSSION

Plaintiff requests that the Court reconsider its dismissal of his claims on the basis that Verdin's unsworn statement will show that the Court erred in its judgment. First, although pro se litigants are not held to the same standards of compliance with technical pleading rules applied to attorneys, Verdin's statement regarding the altercation at issue in this case is not properly taken into consideration as an unsworn declaration. *See* Fed. R. Civ. P. 56(c)(4); 28 U.S.C.A. § 1746. Although a formal affidavit is not required as evidence on summary judgment, a written unsworn declaration must be in proper form as true under perjury to substitute for an affidavit. *Id*. Verdin does not declare that his statements are true and correct under penalty of perjury under the laws of the United States, and thus the Court disregards his statement in ruling on the instant motion.

Finally, other than attempting to re-litigate prior matters resolved to his dissatisfaction, Plaintiff has not clearly established any of the four factors necessary to prevail on a motion for reconsideration. Plaintiff provides no analysis or argument that there has been an intervening change in controlling law or fact. Instead, he offers factual evidence that was available prior to the order and could have been offered before entry of judgment. The Court declines to rehash evidence or arguments that could have been offered or raised before entry of judgment.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Set New Trial* **(Rec. Doc. 100)** is **DENIED**.

New Orleans, Louisiana, this 27th day of March, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE